```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
MLB ENTERPRISES, CORP.,                                                 :
                                                                        :
                                        Plaintiff,                      :    19-CV-4679 (JMF)
                                                                        :
                -v-                                                     :    MEMORANDUM
                                                                        :    OPINION AND ORDER
NEW YORK STATE DEPARTMENT OF TAXATION                                   :
AND FINANCE et al.,                                                     :
                                                                        :
                                        Defendants.                     :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff MLB Enterprises, Corp. ("MLB") owned and operated a Manhattan strip club called "Lace" until the club closed in 2018. In 2016, New York State assessed taxes on MLB for the club's rental of private rooms and the sale of an ersatz currency used by patrons of the club to tip the club's dancers. Thereafter, MLB filed this suit against the New York State Department of Taxation and Finance ("NYSDTF") and its Commissioner, claiming that the assessments are improper as a matter of New York tax law and violate MLB's due process rights by forcing the company to withhold part of the dancers' tips in violation of the Fair Labor Standards Act and New York Labor Law. MLB seeks injunctive and declaratory relief. Defendants now move to dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the ground that the Court lacks subject-matter jurisdiction pursuant to the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341. For the reasons that follow, Defendants' motion is GRANTED.

## BACKGROUND

The following background, taken from MLB's Complaint and documents submitted in support of the parties' briefing on the motion to dismiss, is undisputed except as noted. *See, e.g.*, *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (noting

that, in resolving a motion to dismiss under Rule 12(b)(1), a court must "take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," but that, where jurisdictional facts are in dispute, "the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," and "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists" (internal quotation marks omitted)).

MLB operated Lace from at least 2008 to 2018. ECF No. 1 ("Compl."), at ¶ 10. Lace offered "live exotic dance performances" on both the club's main stage and in private "party rooms," which patrons could rent. Compl. ¶¶ 11-12. Dancers paid MLB to "lease" performance space and earned money from their performances by receiving tips from patrons. Compl. ¶ 25; ECF No. 28-6, at 26; ECF No. 28-2, at 46. Patrons could tip dancers in cash or in an alternative form of currency sold at the club called "scrip." Compl. ¶¶ 19-22. Patrons purchased scrip using credit cards, allowing the patrons to obtain more money for tips than ATM withdrawal limits allow. Compl. ¶ 20; *see also* ECF No. 28-8, at 16 ("The advantages to patrons of using scrip . . . include documentation of business expenses and avoidance of cash advance limits.").

MLB contracted with a company called Metro Enterprises Corp. ("Metro") to sell scrip at Lace. ECF No. 28-2, at 29-30. Metro installed a credit card machine at the club for employees to sell scrip. ECF No. 28-2, at 29; ECF No. 28-6, at 34; ECF No. 28-8, at 15. Metro charged a 20% fee when patrons purchased scrip — that is, 100 scrip dollars cost a patron $120. Compl. ¶ 29. Metro also deducted 10% from the scrip that dancers sought to exchange for cash — that is, dancers would receive ninety cents for every scrip dollar. Compl. ¶ 30. Neither MLB nor Metro reported the sale of scrip in their gross taxable receipts. Compl. ¶¶ 31-32. Both entities treated the scrip "as gratuities belonging to the entertainers." *Id.* ¶ 31; *see also* ECF No. 20-2 ("Jack Exhs."), at 53. MLB did pay sales tax on its rental of party rooms. Compl. ¶¶ 27-28.

In 2016, NYSDTF audited MLB for the period from March 1, 2010, to February 28, 2014. ECF No. 20-1 ("Jack Decl."), at ¶ 3. NYSDTF determined that MLB had "underreported amounts received for 'party room' rentals, bar sales, coat check and general door admissions, and had not remitted sales tax for transactions conducted in 'scrip.'" Jack Decl. ¶ 8. As a result, NYSDTF issued "Notices of Determination" stating that MLB and its sole president and corporate officer, Anthony Capeci, owed several million dollars (the exact figure is in dispute, but need not be determined here) in unpaid taxes, penalties, and interest. Jack Decl. ¶ 7; Compl. ¶ 37; Jack Exhs. 10-15.[1] NYSDTF concluded that Capeci was jointly liable for the full amount "as an Officer/Responsible Person . . . in accordance with sections 1138(a), 1131(1), and 1133 of the New York State Tax law." Jack Exhs. 23, 27. MLB is "presently appealing the tax assessments against it through the administrative tax appeal process." Compl. ¶ 40.

Notwithstanding its administrative appeal, MLB filed this lawsuit challenging the tax assessments under 42 U.S.C. § 1983 and N.Y. C.P.L.R. § 3001. MLB argues that it is not a taxable entity and that neither scrip transactions nor party room rentals are taxable under New York law. Compl. ¶¶ 66-67, 71. MLB also argues that, in order to pay taxes on the sale of scrip, MLB would have to withhold part of its dancers' tips in violation of the Fair Labor Standards Act and New York Labor Law. *Id.* ¶ 45. As a result, MLB argues, taxing the sale of scrip violates MLB's due process rights under the Fourteenth Amendment and the New York State Constitution. *Id.* ¶¶ 47, 70. MLB seeks a declaratory judgment that Defendants' tax assessments are invalid and an injunction barring their enforcement. *Id.* at Prayer for Relief ¶ 1-6.

---

[1] NYSDTF issued separate Notices of Determination to Metro in connection with scrip sales at Lace and other clubs. ECF No. 28-7, at ¶¶ 8, 40-42; Jack Decl. ¶ 15. NYSDTF noted that, "to the extent that Metro is found liable for tax on the MLB scrip sales, and satisfies that liability, MLB and Mr. Capeci would have no obligation to remit those taxes." Jack Decl. ¶ 14.

**DISCUSSION**

Defendants now move to dismiss on the ground that the Court lacks subject-matter jurisdiction pursuant to the TIA, which provides that federal courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  The TIA's "prohibition is jurisdictional and strips the federal courts of subject matter jurisdiction" over suits for "injunctive relief or declaratory relief."  *Campaniello v. N.Y. State Dep't of Taxation & Fin.*, 737 F. App'x 594, 596 (2d Cir. 2018) (summary order) (quoting *Bernard v. Vill. of Spring Valley, N.Y.*, 30 F.3d 294, 297 (2d. Cir. 1994)).  The prohibition extends to claims for damages under 42 U.S.C. § 1983 through the principle of comity.  *See Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989) (noting that there is "no significant difference" between the comity standard and the TIA's "plain, speedy and efficient" standard (internal quotation marks omitted)).

"A state remedy is plain, speedy and efficient if it is procedurally adequate."  *Id.*  Courts construe this standard "narrowly to respect the basic purpose of the TIA — preventing the federal judiciary from interfering with the state collection of revenues."  *Entergy Nuclear Vermont Yankee, LLC v. Shumlin*, 737 F.3d 228, 234 (2d Cir. 2013) (internal quotation marks omitted).  Thus, "[a] state need only provide a full hearing and judicial determination at which a taxpayer may raise any and all constitutional objections to the tax."  *Long Island Lighting*, 889 F.2d at 431 (internal quotation marks and alterations omitted).  In general, "typical state administrative and judicial procedures through which a party can ultimately challenge the validity of the tax in court" suffice.  *Entergy Nuclear*, 737 F.3d at 234 (internal quotation marks omitted).

New York provides multiple avenues to challenge tax assessments in state court.  First, judicial review is available following an administrative review process.  *See* N.Y. Tax Law §

4

1138.  The process includes a hearing before an administrative law judge and review by the tax appeals tribunal.  *Id.* § 1138(a)(4).  After the tribunal's decision, the plaintiff may seek judicial review in state court through an Article 78 proceeding.  N.Y. Tax Law §§ 1138(a)(4), 2016; *see Massa v. N.Y. State Tax Comm'n*, 102 A.D.2d 968, 968 (N.Y. App. Div. 1984); N.Y. C.P.L.R. §§ 7801 *et seq*.  Before initiating an Article 78 proceeding, however, the plaintiff must first pay (in full or by bond) "the amount of any tax sought to be reviewed, with penalties and interest thereon."  N.Y. Tax Law §§ 1138(a)(4).  Prepayment is a "strict condition precedent" to an Article 78 proceeding.  *Massa*, 102 A.D.2d at 968 (internal quotation marks omitted).  Indeed, the requirement is jurisdictional and cannot be excused by an inability to pay.  *See, e.g.*, *R & G Outfitters, Inc. v. Bouchard*, 101 A.D.2d 642, 643 (N.Y. App. Div. 1984); *Franzblau v. Dep't of Fin. of City of N.Y.*, 276 N.Y.S.2d 141, 143 (Sup. Ct. 1966).

Although the foregoing administrative review process is purportedly "exclusive," N.Y. Tax Law § 1140, New York courts have carved out "two exceptions" to that rule: first, "when a tax statute is alleged to be unconstitutional, by its terms or application," and, second, "where the statute is attacked as wholly inapplicable."  *Metro Enters. Corp. v. N.Y. State Dep't of Taxation & Fin.*, 171 A.D.3d 1377, 1379 (N.Y. App. Div. 2019) (internal quotation marks omitted).  For such claims, "a declaratory judgment action may be commenced" without exhausting administrative remedies.  *Id.* at 1380.  The Appellate Division's decision in *CMSG Rest. Grp., LLC v. State*, 145 A.D.3d 136 (N.Y. App. Div. 2016), is illustrative.  There, as here, a Manhattan strip club raised constitutional challenges to taxes assessed on an alternative form of currency through a declaratory judgment action, even as it separately appealed the tax assessments through the administrative review process.  The Appellate Division explained that "because plaintiffs challenge the tax laws as unconstitutional and as wholly inapplicable to them, these claims are not limited by an exclusive administrative remedy and may be considered on the merits."  *Id.* at 141 (citations omitted); *see also R & G Outfitters*, 101 A.D.2d at 643 (noting that

5

parties may "test the general constitutionality of legislative enactments" through "declaratory judgment action[s]").

For decades, courts — including the Supreme Court of the United States — have held that these procedures for judicial review provide a "plain, speedy and efficient remedy" for purposes of the TIA. *See Tully v. Griffin, Inc.*, 429 U.S. 68, 76 (1976); *Campaniello*, 737 F. App'x at 596. In *Tully*, for example, a Vermont corporation sought to challenge the constitutionality of a sales tax assessment by NYSDTF. The district court held that the suit was not barred by the TIA. The court reasoned that Article 78 did not provide a "plain, speedy and efficient remedy" because, among other things, the corporation could not afford to prepay or post a bond for the amount of the assessment. And while the court acknowledged that there was "substantial federal and New York case law holding that New York's administrative review proceedings are not in fact exclusive where a plaintiff claims that a tax is unconstitutional," it nevertheless concluded that a declaratory judgment action did not provide a "plain" remedy because, given the statutory language, the issue was "cloak[ed] . . . in some uncertainty." 429 U.S. at 72 (quoting the district court). On appeal, the Supreme Court reversed. The Court did not reach the question of whether Article 78 provided a "plain, speedy and efficient remedy." *See id.* at 76-77 & n.8. Instead, the Court found that the opportunity to seek a declaratory judgment in state court was sufficiently clear to make it "plain" within the meaning of the TIA. *Id.* at 76. "Despite the provisions of its taxing statutes that provide that judicial review of an administrative determination shall be a taxpayer's only remedy," the Court explained, "the New York courts have consistently held that other procedures, including an action for a declaratory judgment, may be used when the claim is that the tax is unconstitutional." *Id.* at 75.

*Tully* is squarely on point here and compels dismissal of MLB's lawsuit. Like the corporation in *Tully*, MLB argues that it cannot afford to prepay or post a bond for the tax assessments at issue and, thus, cannot obtain judicial review pursuant to Article 78. ECF No. 28,

6

at 9-12. But, as in *Tully*, "other procedures, including an action for a declaratory judgment," are available to MLB. 429 U.S. at 75. In arguing otherwise, MLB cites *Dennis v. 44th Enterprises Corp.*, a case involving Capeci and another strip club, in which the New York Supreme Court dismissed a complaint raising due process arguments like those pressed here because the court concluded that "the constitutional claims . . . involve factual issues reviewable at the administrative level." ECF No. 28-1, at 5-6, 17-18; *see* ECF No. 28, at 13-14. The *Dennis* court relied, in turn, on *Dozier v. New York City*, 130 A.D.2d 128 (N.Y. App. Div. 1987), which held in a different context that "[a] constitutional claim that hinges upon factual issues reviewable at the administrative level must first be addressed to the agency so that a necessary factual record can be established." *Id.* at 134-35. The *Dennis* court concluded that "[o]nce a full administrative record has been developed and [NYSDTF] has decided the taxability issues, defendants-stakeholders may seek judicial review of any adverse finding in an Article 78 proceeding." ECF No. 28-1, at 17-18.

In the face of *Tully* and the "substantial federal and New York case law holding that New York's administrative review proceedings are not in fact exclusive where a plaintiff claims that a tax is unconstitutional," *Tully*, 429 U.S. at 72, *Dennis* and *Dozier* do not support the weight that MLB places on them. To be sure, *Dennis*'s discussion of the administrative exhaustion requirement is in tension, if not conflict, with *CMSG Restaurant Group*, in which the Appellate Division modified the Supreme Court's dismissal of a complaint to make clear that constitutional claims "are not limited by an exclusive administrative remedy." 145 A.D.3d at 141. But *Dennis* also reached the merits of the taxpayers' constitutional claims, stating that, "[i]n any event, [NYSDTF] is not . . . violating the constitutional rights of the defendants-stakeholders by requiring them to violate the New York Labor Law in order to comply with the Tax Law." ECF No. 28-1, at 18 (alterations omitted). So too, in *Dozier*, the court went on to hold that "the petitioners were not required to exhaust their administrative remedies in order to challenge the

7

legality of the drug-testing procedures" at issue. 130 A.D.2d at 135. Thus, *Dennis* and *Dozier* do not establish that MLB would be unable to obtain a ruling on its constitutional claims in a state-court declaratory judgment action. If anything, they establish the opposite.

MLB also cites *Metro Enterprises*, a case brought by Metro challenging tax assessments on the sale of scrip, but that case concerns a different type of claim. ECF No. 28, at 13-14. There, the Appellate Division concluded that where a statute "is attacked as wholly inapplicable" — that is, on the ground "that the agency had no jurisdiction over it or the matter that was taxed," *Bankers Trust Corp. v. N.Y.C. Dep't of Fin.*, 805 N.E.2d 92, 96 (N.Y. 2003) — a declaratory judgment action may be commenced "only where there are no factual issues raised," 171 A.D.3d at 1380; *see, e.g.*, *Kallenberg Meat Prods., Inc. v. O'Cleireacain*, 209 A.D.2d 381, 382-83 (N.Y. App. Div. 1994) (holding that a declaratory judgment action may be maintained if the taxpayer's claims "involve an issue of pure statutory analysis as to whether the tax is applicable"). If, however, the claims "turn[] on applying statutory language to unresolved issues of fact" — as in *Metro Enterprises* — they are subject to the administrative exhaustion requirement. 209 A.D.2d at 382-83. *Metro Enterprises* thus suggests that MLB's arguments about the applicability of New York tax law will be subject to administrative review. But MLB can separately obtain a "full hearing and judicial determination" of its constitutional objections through a declaratory judgment action, thus triggering the TIA. *Entergy*, 737 F.3d at 233-34 (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 514 (1981)).

Finally, judicial review is available through an Article 78 proceeding initiated by Capeci. Section 1138's prepayment requirement does not apply to determinations of tax liability for officers, directors, or employees of corporations. *See* N.Y. Tax Law § 1138(a)(4). Thus, prepayment or the posting of a bond is not required for Capeci, who is jointly liable for the same assessments as MLB and can raise the same arguments that MLB would raise. This, by itself, suffices to trigger the TIA. *See, e.g., Franchise Tax Bd. of Cal. v. Alcan Aluminium Ltd.*, 493

U.S. 331, 339 (1990) ("Respondents' inability to bring state-court challenges in their own names is not determinative where, as here, they control entities that can bring such challenges. To rule otherwise would be to elevate form over substance.").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of subject-matter jurisdiction is GRANTED and MLB's Complaint is dismissed in its entirety without prejudice. The Court need not and does not consider Defendants' other arguments for dismissal. Nor need the Court consider MLB's motion to strike a declaration submitted by Defendants, ECF No. 28, at 18, as nothing in the declaration affected the Court's analysis or conclusion.

The Clerk of Court is directed to terminate ECF No. 20 and to close the case.

SO ORDERED.

Dated: February 26, 2020
      New York, New York

                                        JESSE M. FURMAN
                                   United States District Judge