```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
MLB ENTERPRISES, CORP.,                                              :
                                                                     :
                          Plaintiff,                                 :
                                                                     :          19-CV-4679 (JMF)
             -v-                                                     :
                                                                     :          MEMORANDUM OPINION
NEW YORK STATE DEPARTMENT OF TAXATION                                :              AND ORDER
AND FINANCE et al.,                                                  :
                                                                     :
                          Defendants.                                :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

By Opinion and Order entered on February 26, 2020, familiarity with which is assumed, the Court dismissed this case — in which Plaintiff MLB Enterprises, Corp. ("MLB") challenged certain tax assessments — for lack of subject-matter jurisdiction pursuant to the Tax Injunction Act ("TIA"), which provides that federal courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341; *MLB Enters., Corp. v. New York State Dep't of Tax'n & Fin.*, No. 19-CV-4679 (JMF), 2020 WL 917257, at *2 (S.D.N.Y. Feb. 26, 2020) (ECF No. 37). On October 19, 2020, the Second Circuit affirmed. *See MLB Enters., Corp. v. New York State Dep't of Tax'n & Fin.*, 832 F. App'x 24 (2d Cir. 2020). "MLB," the Court of Appeals explained, "can seek judicial review of the Tax Tribunal's decision in an Article 78 proceeding in New York state court. . . . Further, MLB can also seek declaratory relief in state court. . . . Accordingly, MLB provides no reason to conclude that New York lacks a 'plain, speedy and efficient' remedy for purposes of the TIA." *Id.* at 27. Thereafter, MLB filed a declaratory judgment suit in state court. The state court dismissed the case and, on that

basis, MLB now moves here, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, for relief from the earlier judgment. ECF No. 43 ("Pl.'s Mem."), at 5-6.

Rule 60(b) lists six bases upon which a court may relieve a party from a "final judgment, order, or proceeding," including for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Critically, however, relief under that provision is warranted only "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (internal quotation marks omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). In determining whether extraordinary circumstances are present, a court may consider a wide range of factors including "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)). As a general matter, "Rule 60(b) motions are disfavored," *Empresa Cubana Del Tabaco v. Gen. Cigar Co. Inc.*, 385 F. App'x 29, 31 (2d Cir. 2010) (summary order), and "[t]he burden of proof is on the party seeking relief from judgment," *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (internal quotation marks omitted). Ultimately, the decision whether to grant a Rule 60(b) motion "is committed to the sound discretion of the district court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted).

MLB's motion fails on its own terms. The premise of the motion is that the state court's dismissal of MLB's declaratory judgment action reveals that it cannot obtain relief in New York's courts. *See* Pl.'s Mem. 5-6. But MLB fails to establish that premise. For one thing, MLB is pursuing an appeal of the state court's decision, relying in part on the Second Circuit's ruling in this case. *See* ECF No. 46-8. For another, as Defendant notes, *see* ECF No. 46 ("Def.'s

Mem."), at 5, and MLB does not dispute, *see* ECF No. 49 ("Pl.'s Reply"), MLB is *also* challenging the tax assessments in administrative proceedings, *see* ECF No. 46-9, and has the right to challenge any negative determination in those proceedings in an Article 78 proceeding, *see* N.Y. Tax Law § 2016; 20 N.Y.C.R.R. § 3000.17(a); 20 N.Y.C.R.R. § 3000.20.  Given that MLB may yet obtain relief in the state courts, it does not, and cannot, show that there are "extraordinary circumstances" or that "the judgment may work an extreme and undue hardship." *Brien*, 588 F.3d at 176.  In fact, with these proceedings ongoing in the state courts, what would be extraordinary is for *this* Court to grant MLB the relief it is seeking.  *Cf. Roberts v. Perez*, No. 13-CV-5612 (JMF), 2014 WL 3883418, at *2 (S.D.N.Y. Aug. 7, 2014) (discussing the "*Rooker-Feldman* doctrine, which stands for the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments" (internal quotation marks omitted)); *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 408 (S.D.N.Y. 2014) (discussing the *Younger* abstention doctrine, pursuant to which "federal courts may refrain from hearing cases that would interfere with a pending state criminal proceeding or with certain types of state civil proceedings" (internal quotation marks omitted)).

  Nor does the state court's dismissal of MLB's declaratory judgment action undermine the conclusions of this Court and the Second Circuit that state law provides "a plain, speedy and efficient remedy" within the meaning of the TIA.  First, the availability of an Article 78 action was an adequate and independent basis for this Court's and the Circuit's holdings.  *See MLB Enters., Corp.*, 832 F. App'x at 27 ("MLB can seek judicial review of the Tax Tribunal's decision in an Article 78 proceeding in New York state court. . . .  *Further*, MLB can *also* seek declaratory relief in state court . . . ." (emphases added)).  MLB completely ignores that aspect of the courts' holdings and conspicuously fails to mention the fact that it is pursuing relief through

3

administrative proceedings. Second, and in any event, whether "a plain, speedy and efficient remedy may be had in the courts of such State," 28 U.S.C. § 1341, does not turn on whether MLB is able to achieve success in the state courts. Instead, to qualify as "plain, speedy, and efficient," a state-court remedy must only "meet[] certain minimal *procedural* criteria." *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512 (1981). The mere fact that the state trial court denied MLB's claims in the first instance says little or nothing about whether, as a general matter, "a plain, speedy and efficient remedy may be had" in New York's courts. *See, e.g.*, *California v. Grace Brethren Church*, 457 U.S. 393, 414 (1982) (relying in part on the fact that a taxpayer could appeal any adverse decision "to higher state courts" in holding that California law provided a "plain, speedy and efficient remedy" within the meaning of the TIA).

In short, MLB falls woefully short of demonstrating that there are "extraordinary circumstances" justifying relief or that the Court's judgment "may work an extreme and undue hardship." *Brien*, 588 F.3d at 176. Accordingly, MLB's motion must be and is DENIED.

The Clerk of Court is directed to terminate ECF No. 43.

SO ORDERED.

Dated: November 23, 2021
New York, New York

JESSE M. FURMAN
United States District Judge

4